### MURRAY v. ESTES et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

MONEY PAID FOR USE OF ANOTHER—PLEADING.

 A complaint for money paid by plaintiff's assignor at the request of defendants alleged that defendants, as trustees of a church, made a contract for the construction of a church building; that the contract provided that defendants, representing the church, should pay all bills for lumber, and that such payments should be deducted from money due the contractor; that one M. furnished lumber on the order of the contractor; and that plaintiff's assignor paid the bill therefor at defendant's request. *Held*, that the complaint stated, by necessary inference, that the payment by plaintiff's assignor was for defendants' use.

 Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by John R. Murray against Elihu B. Estes and others to recover money paid by the John R. Anderson Company, plaintiff's assignor, at the request of defendants, for lumber furnished by McKintosh & Co. for the construction of the Windsor Terrace Methodist Episcopal Church, of which defendants were trustees. From an interlocutory judgment sustaining the demurrer of defendants Estes and Griffiths to the complaint, plaintiff appeals. Reversed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Mortimer M. Menken, for appellant.

Arthur C. Rounds, for respondents.

PARKER, J. The demurrer was sustained at special term upon the ground that it was not alleged in the complaint that the money which was paid by the plaintiff at the request of the defendants was for the defendants' use. It is true that the complaint does not state in so many words that it was for the defendants' use, but the facts stated require such an inference. The fourth paragraph of the complaint alleges that "John R. Anderson & Co., at the special instance and request of these defendants, paid the sum of $500 to the said McKintosh & Co., and received from them an assignment of their aforesaid claim against these defendants." The only element lacking in the statement of a cause of action for money paid by a plaintiff to a defendant's use and at his request is an assertion that

such payment was for the use of the defendant. We are therefore to examine the other allegations in the complaint for the purpose of ascertaining whether the facts therein alleged require the inference that such payment was for the use of the defendants. From the first paragraph of the complaint we learn that the defendants were the trustees of the Windsor Terrace Methodist Episcopal Church of Flatbush, Long Island, and that they severally and individually executed a contract with the Weedon Plan & Construction Company, of the city of New York, whereby said company was to construct for them a church building; and that the contract provided, among other things:

"That all bills for timber and lumber are to be paid by the said trustees representing the said church, and all said bills are to be held by them as vouchers that the said timber and lumber is free from any lien or incumbrance. The amounts of such bills are to be deducted from the payments due the Weedon Plan & Construction Company."

The third paragraph alleges that the firm of McKintosh & Co. delivered and furnished for use in the construction of the church, upon the order of the Weedon Plan & Construction Company, timber and lumber to the amount of $500, and it was this $500 which J. R. Anderson & Co. paid at the request of the defendants. It appears then that under the contract made with the Weedon Plan & Construction Company, the defendants had obligated themselves to pay for all the timber and lumber necessary to be used in the construction of the church; that the Weedon Plan & Construction Company did order from McKintosh & Co. for such purpose timber and lumber of the value of $500, and such sum, under their contract, the defendants were obligated to pay. McKintosh & Co. could not have collected it of the defendants, because the contract was not made between them and the defendants, nor were they privies to the contract in any way. But the Weedon Plan & Construction Company, who ordered the timber and lumber of McKintosh & Co., could, under their contract with these defendants, compel them to pay for it; and thus it is made to appear from the facts alleged that the $500 which John R. Anderson & Co. paid to McKintosh & Co. was in payment for timber and lumber for which the defendants were bound to pay, and therefore such payment was for the use and benefit of the defendants.

The interlocutory judgment sustaining the demurrer should be reversed, with costs, and the defendants permitted to answer within 20 days upon payment of costs in this court and in the court below.

RUMSEY, PATTERSON, and O'BRIEN, JJ., concur.

INGRAHAM, J. (dissenting). I think the judgment appealed from should be affirmed. The plaintiff alleges the execution of a contract between the Weedon Plan & Construction Company and the defendants whereby the corporation was to "erect and complete" a Methodist Episcopal church; making such contract a part of the complaint. That contract, after providing for the payment by the defendants of a gross sum to the corporation for building the church,

which was to be paid in eight separate payments as the work progressed, contains a clause that "all bills for timber and lumber are to be paid by the trustees representing the said church, and all such bills are to be held by them as vouchers that the said timber and lumber is free from any lien or incumbrance. The amount of such bills are to be deducted from the payments falling due" to the corporation. Now, the defendants are described in the contract as trustees for the Windsor Terrace Methodist Episcopal Church of Flatbush, Long Island, and undoubtedly, when this contract said that such bills for timber and lumber were to be paid by the trustees, it was the intention of the parties that such bills were to be paid by the defendants, and deducted from the payments falling due to the builder; but the obligation that existed between the builder and these defendants was an obligation to pay to the builder the various sums of money mentioned in the contract as each sum should respectively become due. The right or obligation of the defendants to pay the bills for lumber could not be enforced by any person by whom lumber was sold, because there was no privity of contract between the seller of such lumber and the defendants, and no promise made for the seller's benefit. It might be that in case of the purchase of lumber by the builder, and its delivery, to be used upon the church, the price of which would exceed a payment coming due to the builder at the particular stage at which the work had arrived, the builder would be entitled to compel the defendants to pay the amount of such bill, although but for such purchase of lumber the whole of that amount would not be due under the contract. But that was the extent to which the contractor could have enforced this obligation. It is hardly to be claimed that the contractor could have filed a bill for a specific performance to compel the defendants to pay to a purchaser who had delivered lumber the amount of such bill. The utmost that the builder could claim under the contract was an obligation of the defendants to pay to the contractor the amount of any bill for lumber purchased for the erection of the building, irrespective of the amount which was due under the contract; such payment to be deducted from future payments as they should become due. There could be no possible claim, under the allegations of the complaint, that the seller of the lumber to the builder could be entitled to recover against these defendants. We then come to the allegation upon which the plaintiff seems to rely to sustain his cause of action, and that is that the plaintiff's assignor, at the special instance and request of these defendants, paid the sum of $500 to the seller of the lumber, and received from them an assignment of their aforesaid claim against the defendants. As before stated, the sellers of the lumber had no claim against these defendants, and no right of action against the defendants passed by virtue of that assignment. The plaintiff must therefore rest his claim upon some implied obligation which arose by virtue of the request made by the defendants to pay a debt to a third party for which the defendants were not responsible. I know of no rule which makes a man liable to another because he has requested such other person to pay to a third party a sum of money where such payment was not

to satisfy some obligation of or for the benefit of the person mak-
ing the request.   There is in this complaint no allegation that any
money is due by the defendants to the builder; no allegation that
the builder has completed his contract, that the lumber was used in
the construction of the church, or for the benefit of the defendants,
or that the defendants have in any way become obligated to pay to
the builder any sum of money whatever.   We have here simply a
statement that a third party has incurred an obligation which the
plaintiff's assignor has paid at the request of the defendants, and
that, therefore, because of such request, the defendants should repay
to the plaintiff what the plaintiff has paid.   No principle of law has
been brought to our attention, and no case has been cited, to sustain
the proposition that the mere request to pay the amount of the debt
owing by some third party to another person makes the one making
the request liable to repay the amount paid, when such payment is
not for the use or the benefit of the person making the request.   I
dissent, therefore, from the conclusion arrived at by Mr. Justice
PARKER.